UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIVIANA DABEYBA SOSSA AZOGUE DE CUELLAR,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Case No. C26-1971-MLP

ORDER

Petitioner Viviana Dabeyba Sossa Azogue De Cuellar, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that her detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, violates the Due Process Clause of the Fifth Amendment. (Dkt. # 3.) Respondents filed a response (dkt. # 7), supported by the sworn declaration of ICE Deportation Officer Rita Soraghan (dkt. # 9), and the declaration of Respondents' counsel, Katherine G. Collins (dkt. # 8). Petitioner filed a reply. (Dkt. # 13.) Having considered the parties' submissions and the governing law, the Court DENIES the petition (dkt. # 3).[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 12.)

## I. DISCUSSION

Petitioner is a citizen of Bolivia. She entered the United States on a visitor visa on January 25, 2023, for a temporary period not to exceed July 24, 2023. (Collins Decl., Ex. A.) On August 3, 2025, authorities in Miami, Florida, arrested Petitioner and charged her with Driving Under the Influence, Property Damage, and Resisting an Officer. (Soraghan Decl., ¶ 4.) The next day, ICE issued a warrant for her arrest. (Collins Decl., Ex. D.) On October 20, 2025, a court convicted Petitioner of Driving Under the Influence. (Soraghan Decl., ¶ 4.) On October 29, 2025, ICE served Petitioner with a Notice to Appear, charging her as removable under 8 U.S.C. § 1227(a)(1)(B) as a noncitizen who overstayed her visa without authorization. (Collins Decl., Ex. E.) That same day, ICE took Petitioner into custody and detained her at the Laredo Processing Center in Laredo, Texas. (Soraghan Decl., ¶ 6.)

On December 22, 2025, Petitioner appeared with counsel at a bond hearing before an Immigration Judge ("IJ"). (Soraghan Decl., ¶ 7.) The IJ found that Petitioner posed a danger to the community and denied her request for bond. (*Id.*, ¶ 6; Collins Decl., Ex. F.) On January 3, 2026, the IJ ordered Petitioner removed to Bolivia because she did not timely file any applications for relief. (Soraghan Decl., ¶ 8; Collins Decl., Ex. G.) Petitioner timely appealed that decision to the Board of Immigration Appeals, and that appeal remains pending. (Soraghan Decl., ¶ 8; Collins Decl., Ex. H.)

On March 9, 2026, while detained in Laredo, Texas, Petitioner filed a habeas petition in the Southern District of Texas. (Collins Decl., Ex. I ("First Petition") (*Sossa Azogue De Cuellar v. Department of Homeland Security*, Case No. 5:26-cv-351 (S.D. Tex.)).) In the First Petition, Petitioner challenged the lawfulness of her detention, arguing that she did not receive a "fair trial" and that the detention facility was not providing adequate medical care. (*Id.*, Ex. I at 6-7.)

On March 21, 2026, officials transferred Petitioner to the NWIPC to provide her with a higher level of medical care. (*Id.*, Ex. J; Soraghan Decl., ¶ 8.)

On June 8, 2026, Petitioner filed the instant habeas petition. (Dkt. # 3.) She again argues that her detention is unlawful because it is "unfair" and because she did not receive a "meaningful hearing." (*Id.* at 4.) Petitioner also argues that she is receiving inadequate medical care. (*Id.* at 3.) Petitioner states that she filed the instant petition "due to lack of response" from the Southern District of Texas. (*Id.* at 4.) The Southern District of Texas has not yet ruled on the First Petition, which remains pending. (Dkt. # 7 at 3.)

**A. The Abuse of the Writ Doctrine Bars this Successive Petition**

Respondents argue that the instant petition should be dismissed under the abuse of the writ doctrine because it is a successive petition. (Dkt. # 7 at 3.) The Court agrees.

"The doctrine of abuse of the writ generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation and quotation marks omitted). As the Supreme Court has explained, the doctrine "defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 470 (1991).

The statutory bar on successive petitions in 28 U.S.C. § 2244 does not apply to this § 2241 immigration habeas petition. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). Instead of a rigid successive-petition bar, courts apply the common-law abuse of the writ doctrine in this context and ask whether the petitioner can show cause for failing to raise a claim earlier and resulting prejudice. *See McCleskey*, 499 U.S. at 494; *see also Eldridge v. Howard*, 70 F.4th 543, 552 (9th Cir. 2023).

Under this doctrine, the government must first show, “with clarity and particularity,” the petitioner’s prior writ history, identify the claims raised for the first time, and allege abuse of the writ. *McCleskey*, 499 U.S. at 494. If the government carries that burden, the burden shifts to the petitioner to “disprove abuse” by showing cause and prejudice, or a fundamental miscarriage of justice. *Id.*

Respondents have met their burden. They point out that both of Petitioner’s habeas petitions challenge the same detention, based on the same asserted due process violations (an “unfair” or non-meaningful hearing) and the same allegations of inadequate medical care. (Dkt. # 7 at 4-5.) Petitioner does not dispute that both petitions rest on the same factual predicate. (Dkt. # 13 at 3.) Instead, she argues that the doctrine should not “punish a detainee who repeatedly sought judicial review only because government action—namely an interstate transfer during pending habeas litigation—created extraordinary procedural obstacles.” (*Id.*)

This argument does not establish cause under the abuse of the writ doctrine. Petitioner does not identify any claim in the instant petition that was unripe at the time of the First Petition or that arose only after she filed it. *See Eldridge*, 70 F.4th at 552. Nor does she explain why she could not have raised all of her present arguments before the Southern District of Texas in the First Petition, where that case remains pending. Her transfer to a different detention facility did not divest that court of jurisdiction or prevent her from litigating her claims there. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (“[B]ecause jurisdiction attaches on the initial filing for habeas corpus relief, . . . it is not destroyed by a transfer of the petitioner and the accompanying custodial change.”) (citation omitted); *Smith v. Campbell*, 450 F.2d 829, 834 (9th Cir. 1971).

Allowing this second petition to proceed while the First Petition remains pending in the Southern District of Texas would invite the risk of conflicting rulings from two coordinate

federal courts on the same detention, which is impermissible. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (orders of "the court of first instance" must be respected unless and until reversed through orderly review) (cleaned up); *see also Bergh v. State of Wash.*, 535 F.2d 505, 507 (9th Cir. 1976).

Because Petitioner has not shown cause that would excuse her failure to litigate her claims fully in the First Petition, the doctrine of abuse of the writ bars this successive § 2241 petition.

## II. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus (dkt. # 3) is DENIED.

Dated this 23rd day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge